UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELIJAH BROOKS,

                              **MEMORANDUM & ORDER**
          Plaintiff,               14–CV–4835 (PKC)

     v.

P.O. BENJAMIN PANAS #942804,

         Defendant.
-----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Before the Court is Defendant Police Officer Benjamin Panas's ("Defendant") motion to dismiss Plaintiff Elijah Brooks's ("Plaintiff") complaint under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), or alternatively for summary judgment pursuant to FRCP 56. For the reasons stated below, Defendant's motion is granted, with prejudice as to Plaintiff's federal and State malicious prosecution claims and without prejudice as to all of his other claims. Plaintiff is granted thirty (30) days in which to file an amended complaint with respect to the claims dismissed without prejudice.

*BACKGROUND*

In the late afternoon of October 22, 2012, Plaintiff and another individual, Francis Blackman, both black males, were walking home from a store in Corona, Queens, New York, when they were approached by Defendant and asked to stand against a wall to be searched.[1]

---

[1] These facts are taken from Plaintiff's Complaint, as well as the Affidavit in Support of Claims for Unlawful Arrest and False Imprisonment and the Criminal Court Complaint, both of which Plaintiff submitted with his Complaint and upon which the Complaint heavily relies. (Dkts. 1, 2.) *See Chambers v. Time Warner. Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (in ruling on motions to dismiss, courts are permitted to consider the complaint, which is deemed to include any written instrument attached to it as an exhibit and any statements or documents incorporated in it by reference; documents integral to the complaint, meaning documents upon whose terms and effect the complaint relies heavily; and matters of which judicial notice may be taken).

1

(Dkt. 2 at 2.)[2] Defendant informed Plaintiff and Blackman that a robbery had just taken place less than four blocks away and that the victim claimed he had been robbed by two black males, though Defendant's search of the two men revealed none of the victim's belongings. (*Id*.) Plaintiff and Blackman were then taken to Defendant's precinct, where they were informed that the victim had identified the two of them as the perpetrators of the robbery. (*Id*.) Plaintiff and Blackman were then fingerprinted and taken to Central Booking, and the next day, October 23, 2012, Plaintiff was arraigned on two counts of robbery in the second degree. (*Id*.) Plaintiff was held, without ever entering a court room again, until March 1, 2013, when his "case was ACD'd [adjourned in contemplation of dismissal]." (*Id*.)

Plaintiff filed his Complaint and accompanying Affidavit on July 1, 2014. (Dkts. 1, 2.) His case was transferred to this Court from the Southern District of New York by order dated

---

The Court declines to consider the extrinsic materials submitted by Defendant and similarly declines to convert this motion into one for summary judgment, despite Defendant's notification to Plaintiff, pursuant to Local Rule 56.2, that the Court might do so. (Dkt. 27 at 3–7.) There has been no discovery in this case, Plaintiff is *pro se*, and it is far from clear that Plaintiff fully understands the full consequences of a summary judgment motion. Indeed, while Plaintiff titled his opposition brief an "Opposing Motion for Summary Judgment" (Dkt. 26 at 1), the text of his opposition refers exclusively to a motion to dismiss under Rule 12(b)(6), and Plaintiff states that he "need[s] some discovery" in order to "actually argue his case" (*id*. at 3), indicating Plaintiff's *lack* of understanding that he would need to raise genuine issues of material fact based on actual evidence or affidavits in order to oppose a summary judgment motion. Under such circumstances, conversion of the motion to dismiss would be inappropriate. *See Hernandez v. Coffey*, 582 F.3d 303, 308–09 (2d Cir. 2009) (notice before conversion into summary judgment motion is "particularly important" in case of *pro se* plaintiffs, who are typically "entitled to [] an opportunity to take relevant discovery and to submit any evidence relevant to the issues raised by the motion, and . . . an explanation of the consequence of a grant of summary judgment, as well as of what [they] could do to defeat the motion") (quotation marks omitted); *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 759 (2d Cir. 1983) (reversing grant of summary judgment after conversion from motion to dismiss because *pro se* party "was not afforded an adequate opportunity to offer evidence in opposition to summary judgment").

[2] All page references correspond to page numbers generated by the Electronic Court Filing ("ECF") system, and not the document's internal pagination.

August 11, 2014. (Dkt. 6.) Pursuant to 28 U.S.C. § 1915(e)(2)B), this Court dismissed Plaintiff's claims against the City of New York by Order dated September 4, 2014, but his claims against Defendant Panas were permitted to proceed. (Dkt. 11 at 3–4.)

## *LEGAL STANDARD*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating such a motion, a district court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014). These standards are necessarily "less stringent" in the context of *pro se* litigants, whose complaints the Court is required to construe liberally and interpret as raising the strongest arguments they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). "A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 154 (2d Cir. 2006) (quotation marks omitted).

## *DISCUSSION*

Plaintiff has asserted claims under 42 U.S.C. § 1983, which requires a party to allege that (1) the challenged conduct was "'committed by a person acting under color of state law,'" and (2) such conduct "'deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any

independent substantive right, but rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

Plaintiff alleges Defendant is liable under Section 1983 for false arrest.[3] Pursuant to the Court's mandate to construe a *pro se* plaintiff's complaint liberally and as raising the strongest arguments possible, *Erickson*, 551 U.S. at 94, the Court also reads Plaintiff's Complaint and Affidavit as asserting the following claims: a claim for false arrest under New York State law; Section 1983 and New York State law claims for malicious prosecution; a Section 1983 claim for deprivation of Plaintiff's speedy trial rights; and a Section 1983 claim for unreasonably prolonged detention. (*See* Dkts. 1, 2.)

### A. Unlawful Arrest/False Imprisonment

Under Section 1983, a claim for false arrest derives from the Fourth Amendment guarantee against unreasonable seizure. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). To analyze such a claim, federal courts typically look to the law of the State where the arrest occurred. *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004). New York law requires Plaintiff to establish that Defendant "intentionally confined him without his consent and without justification." *Weyant*, 101 F.3d at 852; *see also Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003). However, "the existence of probable cause is an absolute defense to a false arrest claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). This is true regardless of whether the claim is pled under Section 1983 or State law. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (citing *Weyant*, 101 F.3d at 852). "[P]robable cause to arrest exists when the officers have knowledge or

---

[3] Plaintiff alleges both "unlawful arrest and false imprisonment" (Dkt. 1 at 1; Dkt. 2 at 1), but the Court treats these as one cause of action for false arrest. *See Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) ("[F]alse arrest is a species of false imprisonment . . . .").

reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id*. (citing *Weyant*, 101 F.3d at 852) (quotation marks omitted). The Court evaluates probable cause based on the facts available to the officer or officers at the time of the arrest, and looks at the totality of circumstances. *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006); *see also Bernard v. United States*, 25 F.3d 98, 102–03 (2d Cir. 1994) (citing *Illinois v. Gates*, 462 U.S. 213, 230 (1983)).

Plaintiff alleges that Defendant had no probable cause to arrest him, but the facts in Plaintiff's Complaint and Affidavit establish precisely the opposite. A witness identification of an alleged perpetrator will provide probable cause, "absent circumstances that raise doubts as to the victim's veracity." *Singer*, 63 F.3d at 119. Plaintiff asserts that Defendant "informed [him] that the alledged [sic] victim identified [Plaintiff and Blackman] as the perpetrators of the robbery." (Dkt. 2 at 2.) Indeed, the Criminal Court Complaint Plaintiff appended to his Affidavit corroborates the victim's identification of Plaintiff; it states that Defendant was "informed by [the victim] that . . . Francis Blackman and [Plaintiff] approached [the victim]," assaulted him, and that Plaintiff then "reached into the [victim's] jacket pocket and removed his cellular phone and reached into his pants pocket and removed a sum of United States currency." (Dkt. 2 at 4.) There is nothing in Plaintiff's Complaint or Affidavit, nor is there anything of which the Court is aware and could take judicial notice, that would indicate there was any reason to doubt the victim's veracity. *Cf. Harley v. City of New York*, No. 14-CV-5452, 2016 U.S. Dist. LEXIS 16641, at *10–17 (E.D.N.Y. Feb. 10, 2016). This, in combination with Plaintiff's geographic proximity to the

location of the robbery, established probable cause for Plaintiff's arrest.[4] Therefore, Plaintiff's false arrest claims under Section 1983 and New York State law must be dismissed. However, because the Court cannot "rule out any possibility" that Plaintiff could amend his Complaint to successfully state claims for false arrest under Section 1983 and/or New York State law, the Court dismisses these claims without prejudice. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999).

B.  Malicious Prosecution

Like false arrest claims, the elements of a malicious prosecution claim under Section 1983 are "substantially the same as the elements under New York law." *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003) (quotation marks omitted); *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003). To prevail on Section 1983 and New York malicious prosecution claims, Plaintiff must establish that (1) Defendant initiated or continued a criminal proceeding; (2) that proceeding terminated favorably to Plaintiff; (3) there was no probable cause for the criminal charge; and (4) Defendant acted with malice. *Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004); *see also Manganiello v. City of New York,* 612 F.3d 149, 160–61 (2d Cir. 2010).

Plaintiff has failed to allege facts sufficient to establish three elements of this test. First, the Court has determined that Defendant had probable cause to arrest Plaintiff, and Plaintiff has alleged no facts demonstrating that "evidence [] later surface[d] which [] eliminate[d] that probable

---

[4] For substantially the same reasons, the Court finds in the alternative that Defendant is entitled to qualified immunity on Plaintiff's false arrest claim. Qualified immunity protects a police officer from liability for civil damages if: (1) "'it was objectively reasonable for the officer to believe that probable cause existed,'" or (2) "'officers of reasonable competence could disagree on whether the probable cause test was met.'" *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 416 (2d Cir. 1999) (citation omitted). Here, the same facts that support a finding of probable cause support a finding that it was objectively reasonable for Defendant to believe that probable cause existed to arrest Plaintiff.

cause," *Virgil v. Town of Gates*, 455 F. App'x 36, 39 (2d Cir. 2012) (summary order); *see Savino*, 331 F.3d at 72 ("[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York."). Second, Plaintiff has alleged no facts demonstrating Defendant's involvement in the actual initiation or continuation of a criminal proceeding against Plaintiff. For purposes of a malicious prosecution claim, a defendant "must do more than report the crime or give testimony" to be found to have initiated the prosecution. *Manganiello*, 612 F.3d at 163 (noting, as an example, that a jury may find an officer initiated a prosecution by preparing an alleged false confession or statement and forwarding it to prosecutors) (citing *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)); *see also Blake v. Race*, 487 F. Supp. 2d 187, 211 (E.D.N.Y. 2007) (denying defendants' summary judgment motion as to plaintiff's malicious prosecution claim where defendants allegedly provided fabricated eyewitness who gave false testimony to the prosecutor). Third, an ACD is not a favorable termination. *See Rothstein*, 373 F.3d at 287; *Smith-Hunter v. Harvey*, 734 N.E.2d 750, 753–54 (N.Y. 2000). Because this third defect cannot be cured by amendment, Plaintiff's Section 1983 and New York malicious prosecution claims must be dismissed with prejudice. *Glob. Network Commc'ns, Inc.*, 458 F.3d at 154.

    C.    <u>Deprivation of Right to Speedy Trial</u>

While not explicitly pleaded, the allegations in Plaintiff's Complaint and Affidavit implicate a deprivation of Plaintiff's Sixth Amendment right to a speedy trial. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ."). Violations of this constitutional right can be redressed through civil actions brought under Section 1983. *See, e.g., Varrichio v. Cty. of Nassau*, 702 F. Supp. 2d 40, 51 (E.D.N.Y. 2010) (permitting Section 1983 claim for deprivation of speedy trial right to proceed where plaintiff

alleged a "two-year detention without being tried for the contempt charges for which he was arrested"). Plaintiff appears to state such a claim, alleging that he "was held for an extensive period of (5) five months" (Dkt. 1 at 1), during which he "never entered a court room [sic] again after [his] arraignment" (Dkt. 2 at 2).

However, a prerequisite to recovery of damages under Section 1983, the sole relief that Plaintiff seeks, is a defendant's personal involvement in the alleged constitutional deprivation. *See Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"). The absence of any facts alleging a defendant's personal involvement in the violation of a plaintiff's Sixth Amendment right to a speedy trial, therefore, dooms any such claim. *See, e.g., Davila v. Johnson*, No. 15-CV-2665, 2015 U.S. Dist. LEXIS 167809, at *10 (S.D.N.Y. Dec. 15, 2015) (dismissing Section 1983 claim for violation of speedy trial rights where "Petitioner [did] not allege that any of the remaining Respondents were personally involved in the violation of his speedy trial rights"); *Davis v. Nassau Cty.*, No. 06-CV-4762, 2011 U.S. Dist. LEXIS 128458, at *15–19 (E.D.N.Y. Nov. 5, 2011) (granting summary judgment in favor of defendants on plaintiff's Section 1983 speedy trial claim because plaintiff failed to put forth sufficient evidence of defendants' personal involvement in any deprivation of his speedy trial rights). Because Plaintiff fails to allege any facts regarding Defendant's personal involvement in violating Plaintiff's right to a speedy trial, that claim must be dismissed. However, because the Court cannot say with certainty that there are *no* facts under which Defendant could be liable for such a claim, it is dismissed without prejudice. *See Gomez*, 171 F.3d at 795–96.

### D. Unreasonably Prolonged Detention

Also not explicitly pleaded, but clearly implicated by Plaintiff's assertions, is a claim that

8

Plaintiff's constitutional rights were violated as a result of his "extensive" detention. (Dkt. 1 at 1 (describing Plaintiff's "loss of time and loss of liberty for which plaintiff was held for an extensive period of (5) five months against his lawful will and liberty").) The Court treats this as a claim for unreasonably prolonged detention in violation of Plaintiff's Fourth Amendment rights.

However, to state such a claim, Plaintiff must establish: "(1) that he has a right to be free from continued detention stemming from law enforcement officials' mishandling or suppression of exculpatory evidence, (2) that the actions of the officers violated that right, and (3) that the officers' conduct 'shocks the conscience.'" *Russo v. City of Bridgeport*, 479 F.3d 196, 205 (2d Cir. 2007). Plaintiff has failed to plead any facts suggesting that Defendant mishandled or suppressed exculpatory evidence, or that Defendant engaged in any conduct that "shocks the conscience." Again, however, because the Court cannot determine at this stage whether Plaintiff will ever be able to sufficiently allege such facts, Plaintiff's claim for unreasonably prolonged detention is dismissed without prejudice. *See Gomez*, 171 F.3d at 795–96.

## *CONCLUSION*

For the foregoing reasons, Defendant's motion to dismiss is granted, with prejudice as to Plaintiff's malicious prosecution claims, and without prejudice as to all other claims asserted by Plaintiff. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint as to the claims dismissed without prejudice. If Plaintiff fails to file an amended complaint by that date, the Court will direct the Clerk of Court to terminate this action.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: February 16, 2016
      Brooklyn, New York